NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE WASHINGTON, PETITIONER, v. NEW YORK TELE-
PHONE COMPANY, RESPONDENT.

Injury to Eyes—Loss of One Eye and Partial Loss of Other
Through Being Hit by a Piece of Cement Flying From an
Electric Drill Being Used by Petitioner.

For the petitioner, *Henry Carless.*

For the respondent, *H. A. Kennedy.*

\*     \*     \*     \*     \*     \*     \*     \*

1. The petition was duly filed in accordance with the act entitled "An act prescribing liability of an employer to make compensation for injuries received by an employe in the course of employment," approved April 4th, 1911, and the acts amendatory thereof and supplementary thereto.

2. Process was duly served upon the respondent, who filed an answer to the petitioner's petition, and at the hearing held

on March 31st, 1926, the petitioner's petition was amended by substituting May 5th, 1925, instead of April 4th, 1925, as the date of the accident and the notice to the employer.

3. The said George Washington, on the 5th day of May, 1925, was in the employ of the respondent as a laborer at the wages of $29.70 per week, and was engaged in removing the paved surface of Broad street, near Pennington street, Newark, New Jersey, so as to allow of the respondent laying certain wires, conduits or pipes beneath the surface of said street, and while engaged in his said duties he was using what is known as an electric drill for the purpose of breaking up the surface of said street, and while engaged in said occupation a piece of cement flew into petitioner's left eye. Said accident arose out of and in the course of his employment with the respondent.

4. The petitioner continued working without medical treatment until May 9th, 1925, when he was sent to the clinic of the respondent company at Washington street, Newark, New Jersey, where he went and reported his accident and was referred to the medical department of the respondent at New York, where he went on May 11th, 1925, and was there examined by the respondent's physician, and on several other occasions thereafter. Paul Hunt, a fellow-employe, corroborated petitioner as to the happening of the accident, and said he tried to remove the cement from petitioner's left eye, but was unable to do so, and he further stated that the foreman of the job was nearby at the time of the accident, and that his attention was called to the happening thereof, and I find and determine that the said respondent had actual knowledge of said accident on the day of the happening thereof, or soon thereafter.

5. Petitioner continued working for the respondent until the 10th day of October, 1925. He testified, and it was proved to my satisfaction, that medicine was prescribed for him by the physician of the respondent, to be used by applying drops thereof into the left eye; that he continued to use the said medicine for a number of weeks; that part of the

time while he was working he protected the eye with a covering, and that the left eye continued to pain him; it was inflamed and gradually became worse.

6. On or about September 28th, 1925, the petitioner went to the Newark eye and ear infirmary for treatment to his said left eye, and continued treatment at said institution up to the present time. The condition of his said left eye became such that on November 23d, 1925, the patient was admitted to the said infirmary, his left eye removed and a gold ball inserted in the socket.

7. The right eye of the petitioner was normal until on or about December 15th, 1925, when a severe case of sympathetic ophthalmia of the right eye developed and the petitioner has suffered the loss of a considerable portion of the vision of his said right eye in addition to the total loss of the left eye, all of which said loss of vision and injury I find and determine resulted from the accident and injury which occurred May 5th, 1925.

\*　　\*　　\* ·　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commissioner.*